IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Dana Ohlemeyer, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:20-cv-1515 |
| American Accounts & Advisers, Inc., a Minnesota corporation, | ) ) ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT – CLASS ACTION**

Plaintiff, Dana Ohlemeyer, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Dana Ohlemeyer, ("Ohlemeyer"), is a citizen of the State of Indiana, residing in the Southern District of Indiana from whom Defendant attempted to

collect defaulted consumer debts that she allegedly owed for medical services to Methodist Sports Medicine.

4. Defendant, American Accounts & Advisers, Inc. ("AAA"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts, that it did not originate, in the Southern District of Indiana. In fact, AAA was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant AAA is authorized to conduct business in the State of Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant AAA conducts business in Indiana.

6. Defendant AAA is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant AAA acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. Defendant AAA sent Ms. Ohlemeyer a collection letter, dated September 3, 2019, demanding payment of medical debts she allegedly owed to Methodist Sports Medicine. This letter threatened that:

* * *

Please be advised we may recommend forwarding your account to an attorney's office for collection. The attorney could possibly impose legal remedies resulting in involuntary payments.

* * *

A copy of this collection letter is attached as Exhibit C.

8. In fact, neither Methodist Sports Medicine nor Defendant have filed lawsuits against any consumer in Indiana for many years and were not going to file against Ms. Ohlemeyer. Moreover, while an attorney may file a lawsuit on behalf a client to collect a debt, and, should that lawsuit be successful, obtain a judgment, an attorney cannot simply "impose" legal remedies resulting in involuntary payment.

9. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). This threat of a lawsuit alarmed, confused and worried Ms. Ohlemeyer.

10. All of Defendant AAA's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA –
## False, Deceptive Or Misleading Collection Actions

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A), as well as the false threat to take an action that cannot be legally taken, or that is not intended to be taken, see 15 U.S.C. § 1692e(5).

14. Defendant's letter was false, deceptive or misleading because it threatened a lawsuit and that an "attorney could impose legal remedies resulting in involuntary payments", when, in fact, Defendant had no intention of referring this matter to an attorney, nor could an attorney simply "impose" any such legal remedies that would result in involuntary payments. Thus, AAA's letter violates § 1692e of the FDCPA.

15. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, and attorneys' fees and costs, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

18. Defendant's letter used unfair or unconscionable means because it falsely threatened that an "attorney could impose legal remedies resulting in involuntary payments", when, in fact, Defendant had no intention of referring this matter to an attorney, nor could an attorney simply "impose" any such legal remedies that would result in involuntary payments. Thus, Defendant AAA's letter violated § 1692f of the FDCPA.

19. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, and attorneys' fees and costs, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

20.     Plaintiff, Dana Ohlemeyer, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a defaulted consumer debt, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form collection letter violates the FDCPA and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

21.     Defendant regularly engages in debt collection, using the same form collection letter it sent Plaintiff Ohlemeyer, in its attempts to collect defaulted consumer debts from other persons.

22.     The Class consist of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts, by sending other consumers the same form collection letter it sent Plaintiff Ohlemeyer.

23.     Plaintiff Ohlemeyer's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

24.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests

of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

25. Plaintiff Ohlemeyer will fairly and adequately protect and represent the interests of the Class. The management of this class action is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Ohlemeyer has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Dana Ohlemeyer, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify the class in this matter;

2. Appoint Plaintiff Ohlemeyer as Class Representative of the Class, and her attorneys as Counsel to the Class;

3. Find that Defendant's collection actions violated the FDCPA;

4. Enter judgment in favor of Plaintiff Ohlemeyer and the Class, and against Defendant, for actual (return of money collected) and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Dana Ohlemeyer, individually and on behalf of all others similarly

situated, demands trial by jury.

                                      Dana Ohlemeyer, individually and on behalf of all others similarly situated,

                                      By: /s/ David J. Philipps
                                      One of Plaintiff's Attorneys

Dated:  May 28, 2020

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com